UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| WILBER ADAMS, JR. | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:11-0919 |
| | ] | Judge Trauger |
| U.S. GOVERNMENT | ] | |
| Defendant. | ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the United States Government, seeking damages.

The plaintiff's claim reads in its entirety as follows :

> On or about March 17, 2007, I was convicted of being a felon with a firearm. During my trial my lawyer cited a case that would have stopped me from being found guilty. But because the D.A. and judge overlooked this, I was found guilty. The appeals court over-turned the conviction and gave me a new trial. Because of the case I stated, in the new trial the case was considered and I was found not guilty. But this was after I had served 31/2 years.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In this instance, the plaintiff never mentions the defendant in his statement of the claim. Nor has the plaintiff alleged conduct under color of state law or the deprivation of a federal right. As a consequence, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Accordingly, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge